# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30345
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES GUS JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:11-CR-298

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

James Gus Johnson appeals the 36-month sentence imposed following the revocation of a prior term of supervised release. He contends that the above guidelines sentence is procedurally unreasonable and plainly erroneous because the district court improperly considered his lack of respect for the law under 18 U.S.C. § 3553(a)(2)(A). Because Johnson did not object to the alleged

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30345

procedural error in the district court, our review is limited to plain error.  *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).

Even if the district court relied on an improper factor, *see United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011), Johnson cannot show that his substantial rights were affected, *see Puckett v. United States*, 556 U.S. 129, 135 (2009).  The district court considered the recommended imprisonment range of 8 to 14 months, the 36-month statutory maximum term of imprisonment, the nature and circumstances of Johnson's supervised release violations, Johnson's "difficult" nature, and the probation officer's prior efforts to help Johnson during the supervised release term.  Because the district court relied upon permissible § 3553(a) factors, *see* § 3553(a)(1), (a)(4)(B); 18 U.S.C. § 3583(e), the record does not unambiguously indicate that, but for the district court's possible consideration of the one improper factor, there is a reasonable probability that the district court would have imposed a lower sentence, *see United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).  Accordingly, Johnson cannot demonstrate reversible plain error.  *See Puckett*, 556 U.S. at 135.

Johnson also contends that the sentence is procedurally unreasonable and plainly erroneous because, aside from the recommended guidelines range, the district court failed to consider any of the permissible § 3553(a) factors.  Because he did not object to the alleged procedural error in the district court, our review is limited to plain error.  *See Whitelaw*, 580 F.3d at 259-60.

The district court did not expressly state that it considered the § 3553(a) factors in selecting Johnson's revocation sentence.  However, the record reflects that the district court at least implicitly considered the permissible § 3553(a) factors.  *See Whitelaw*, 580 F.3d at 262-65 (recognizing that the district court's implicit consideration of the § 3553(a) factors is sufficient to satisfy § 3553(c)'s requirement that it provide reasons for an above guidelines sentence).

No. 14-30345

Specifically, the district court's comments demonstrate that it considered the applicable policy statements, the nature and circumstances of Johnson's supervised release violations, and Johnson's history and characteristics. *See* § 3553(a)(1), (a)(4)(B); § 3583(e). Moreover, nothing in the record suggests that a more thorough explanation would have resulted in a lesser sentence or that the district court would impose a lesser sentence on remand. *See Whitelaw*, 580 F.3d at 262-65. Accordingly, Johnson cannot demonstrate reversible plain error. *See Puckett*, 556 U.S. at 135.

AFFIRMED.